IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY R. MILLER, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:11-CV-465-MTT-MSH |
| GEORGIA DEPARTMENT OF : | |
| CORRECTIONS, et. al., : | |
| : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER

Plaintiff TRACY R. MILLER, an inmate currently confined at the Pulaski State Prison in Hawkinsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. She also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the entire filing fee at this time. Plaintiff's Motion to Proceed *in forma pauperis* [Doc. 2] is accordingly **GRANTED**.

Plaintiff is, however, still required to pay the full amount of the $350.00 filing fee. Fees are not refundable, regardless of the outcome. *See* 28 U.S.C. § 1915(b)(1). Plaintiff is thus responsible for the entire $350.00 filing fee even if her lawsuit is dismissed prior to service. Moreover, having reviewed Plaintiff's trust fund account statement, the Court finds that Plaintiff may now be able to prepay at least a portion of the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(1)(B), it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $6.67.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the

deposits made to her prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. §1915(b)(2). To that end, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager and the warden of the institution where Plaintiff is currently confined.

Plaintiff is also **ORDERED** to file a supplement to her Complaint.  Plaintiff's Complaint alleges that a fire caused black smoke to fill her room one night, that no alarm ever sounded, and that Defendants failed to follow the "proper procedure" for assisting Plaintiff and her roommate.  The Complaint, however, fails to describe what injury Plaintiff suffered as a result of this failure or to describe how the individual defendants' action, or inaction, violated her constitutional rights.  Plaintiff in fact makes no specific allegations of intentional wrongdoing against Defendants Farley, Williams, or Austin, other than to allege that they did not "follow the proper procedure."  Thus, Plaintiff's Complaint fails to provide enough detail for the Court to determine whether she can state a plausible claim against any of the defendants.

Plaintiff should supplement her Complaint by listing each defendant and telling the Court exactly what each did, or did not do, which violated her constitutional rights.  In so doing, Plaintiff should keep in mind that wardens and other supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Plaintiff should also more fully describe any injury she suffered as a result of Defendants' conduct.

There is, however, no need for Plaintiff to explain what the "Georgia Department of

Corrections" or "Pulaski State Prison"[1] did to violate her rights. These entities cannot be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections[.]"); *Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr. 1, 2009) ("Coastal State Prison has no independent legal existence and, therefore, is not an entity that is subject to suit under § 1983.").

There is also no need for Plaintiff to elaborate on any claims which could be brought by Kiara S. Coggins, also named as a plaintiff in the caption of the Complaint. Ms. Coggins cannot be joined as a plaintiff in this action. She did not sign the Complaint or supply the Court with an IFP affidavit. Moreover, even if Ms. Coggins was to meet these procedural requirements, *pro se* prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit. Each prisoner is required to file her own lawsuit and pay the filing fee. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

Plaintiff shall have TWENTY-ONE DAYS (21) DAYS from the date shown on this Order to (1) pay an initial partial filing fee of $ 6.67; and (2) file a supplement to her Complaint which more fully describes her allegations against the individual defendants. <u>Failure to comply with this Order may result in the dismissal of Plaintiff's Complaint</u>.

There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 6th day of December 2011.

                            S/STEPHEN HYLES
                            UNITED STATES MAGISTRATE JUDGE

---

[1] Though not listed on the Docket, "Pulaski State Prison" is named as a defendant in the caption of Plaintiff's Complaint.