IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACY R. MILLER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:11-CV-465-MTT-MSH |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff TRACY R. MILLER, an inmate currently confined at the Pulaski State Prison in Hawkinsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. In an Order on December 6, 2011 (ECF No. 6), this Court granted Plaintiff's Motion to Proceed *in forma paupers*, but also required Plaintiff to supplement her original Complaint. Plaintiff has now filed her Supplement (ECF No. 8), and the Court has accordingly reviewed both Plaintiff's Complaint and Supplement as required by 28 U.S.C. § 1915A. Having done so, the Court finds that Plaintiff's claims against Defendants Farley, Williams, and Austin are sufficient to survive the preliminary review. It is RECOMMENDED, however, that all other claims and Defendants be DISMISSED from this action pursuant to 29 U.S.C. 1915A(b)(1) &(2).

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a

preliminary screening of her Complaint. *See* 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

2

not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of hers claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003); *see also* 28 U.S.C. § 1915A(b).

## DISCUSSION

In this case, Plaintiff's Complaint & Supplement allege that a fire caused black smoke to fill Plaintiff's room one night, that no alarm ever sounded, and that Defendants Lieutenant Farley, Officer Williams, and Officer Austin failed to come to her assistance despite her screams and repeated pleas for help.  It appears that Plaintiff did not suffer any physical injury as a result of the fire or smoke inhalation, though Plaintiff does allege that the experience caused lasting "psychological" damage.  She claims to suffer from mental distress, anxiety, irritability, depression, "flashbacks," and fear of enclosed spaces. Plaintiff does not allege, however, that these "conditions" require medical treatment.

These allegations, when read in a light most favorable to the Plaintiff, do arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. §1915A.  *See Hale*, 50 F.3d at 1581.  If true, the allegations suggest that the named Defendants were deliberately indifferent to Plaintiff's health or safety.  A prison official may be held liable for acting with "deliberate indifference" to an inmate's health or safety if he knows that the

3

inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996); *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1774, 128 L.Ed.2d 811 (1994)).

Plaintiff may not, however, recover compensatory or punitive damages for her "injuries" arising from Defendants' alleged conduct. Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury" which is more than *de minimis*. 42 U.S.C. § 1997e(e); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002). Plaintiff has not alleged that she suffered any non-*de minimis* physical injuries as a result of Defendants inaction, and the "psychological" injuries suffered by Plaintiff are insufficient to establish a "physical injury" under the PLRA. *See Chatham v. Adcock*, 334 Fed. Appx. 281, 284 (11th Cir. 2009) ("anxiety, nightmares, and hallucinations [] do not rise to the level of a physical injury that is "greater than de minimis"). Though Plaintiff may have been placed at a risk of physical harm when the fire broke out, a § 1983 claim arises only when the harm occurs, not simply because the possibility of harm arises. *See Babcock v. White*, 102 F.3d 267, 270-73 (7th Cir.1996) (mere exposure to harm that never materializes is not actionable under the Eighth Amendment).

Nonetheless, nominal damages may still be available to Plaintiff in this case. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir.2003) (concluding that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages").

4

Though these damages do not ordinarily exceed $1.00, *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978), Plaintiff's Complaint does expressly seek to recover "nominal damages" for her injuries.  For this reason, Plaintiff's claims against Defendants Farley, Williams, and Austin will be permitted to proceed.

Plaintiff, however, should not be permitted to pursue her claims against "Georgia Department of Corrections" and "Pulaski State Prison."[1]   As Plaintiff has been previously advised, these entities cannot be sued under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections[.]"); *Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr. 1, 2009) ("Coastal State Prison has no independent legal existence and, therefore, is not an entity that is subject to suit under § 1983.").  It is accordingly RECOMMENDED that Defendants "Georgia Department of Corrections" and "Pulaski State Prison" be DIMISSED from this action.

Plaintiff has also failed to state a claim against Defendant Warden Belinda Davis.  Neither the Complaint nor the Supplement contain any allegations that Warden Davis was personally involved in the alleged constitutional violations.  It is of course well-settled that wardens are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  It is thus also RECOMMENDED that Defendant

---

1 Though not listed on the Docket, "Pulaski State Prison" is a named Defendant in the caption of Plaintiff's original Complaint.

Warden Davis also be DISMISSED from this action.

## CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's claims against Defendants Farley, Williams, and Austin are sufficient to survive the preliminary review. It is thus ORDERED that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are also reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is RECOMMENDED, however, that all other claims and Defendants be DISMISSED from this action. *See* 28 U.S.C. 1915A(b).  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The Plaintiff's deposition may be taken at any time during the time period hereinafter set out provided prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the

FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 27th day of December, 2011.

S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE