IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACEY R. MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:11-CV-465-CAR-MSH |
| | * | 42 U.S.C. ▪ 1983 |
| LIEUTENANT ADAM FARLEY, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

On November 22, 2011, Plaintiff filed the above styled Section 1983 action.  (ECF No. 1.)  On February 8, 2012, the remaining[1] Defendants filed a Motion to Dismiss. (ECF No. 17.)  Plaintiff was notified of her right to file a response, and said response was filed on March 2, 2012.  (ECF No. 27.)  For the reasons described below, Defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. ▪ 1983, which arises out of a fire she alleges occurred on November 16, 2011.  (Pl.'s Compl. 4.)  According to Plaintiff, the Defendant Officers failed to assist her during the fire despite her pleas for help, failed to evacuate the building during the fire, failed to provide "fire equipment", and failed to provide "safety tips", thereby constituting deliberate indifference and violating her Eighth Amendment rights.  (*Id.*)

---

[1] Several Defendants were dismissed form this action by Order of the Court on January 30, 2012.  (ECF No. 15.)

## DISCUSSION

### I.      Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### II.     Failure to Exhaust Administrative Remedy

Defendant first argues that Plaintiff's complaint should be dismissed for her failure to exhaust the grievance procedure available at the prison.  (Mot. to Dismiss Br. 9, ECF No. 17-1.)  Pursuant to the Prisoner Litigation Reform Act ("PLRA"), Congress mandated that "[n]o action shall be brought with respect to prison conditions under

2

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Accordingly, the United States Supreme Court has held that an inmate must fully and properly exhaust all available administrative remedies before he can file a Section 1983 lawsuit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  The court has no discretion to waive the exhaustion requirement in the event a claim has not been fully and properly exhausted prior to filing. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").  "Proper" exhaustion requires a prisoner to comply with the specific prison grievance procedural requirements.  *See Woodford*, 548 U.S. at 95.  In addition, an inmate must "provide with his grievance all relevant information reasonably available to him."  Because "failure to exhaust is an affirmative defense under the PLRA, . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones*, 549 U.S. at 216. However, a complaint may still be dismissed pursuant to the PLRA "if an affirmative defense, such as failure to exhaust, appears on the face of the complaint."  *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008).  Satisfaction of the exhaustion

requirement is a precondition to filing a lawsuit, and therefore exhaustion must be accomplished before the suit is filed. *McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (per curiam) (citing *Alexander*, 159 F.3d at 1325-26). Requiring exhaustion prior to filing "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

The Eleventh Circuit has addressed the proper form of a pretrial motion challenging a plaintiff's failure to exhaust his administrative remedies, holding:

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."

*Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)). Defendant therefore properly raised his exhaustion defense in an unenumerated Rule 12 motion to dismiss. *See id.* at 1375. When motions to dismiss are based on issues not enumerated under Rule 12(b), such as the instant case, Federal Rules of Civil Procedure Rule 43(c) governs and "permits courts to hear evidence outside of the record on affidavits submitted by the parties." *Id.* at 1377 n.16. Thus, as Defendants have done here, the parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion to dismiss into a summary judgment motion. In addition, the judge may resolve factual questions concerning a plaintiff's alleged failure to exhaust nonjudicial remedies, "so long as the factual disputes

4

do not decide the merits and the parties have sufficient opportunity to develop a record."

*Id.* at 1376 (footnote omitted).

Shortly after its decision in *Bryant*, the court developed a two-step process to assist courts in deciding a motion to dismiss for failure to exhaust administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Specifically, the court held:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Id.* at 1082-83 (internal citations omitted); *see also Williams v. Marshall*, 319 F. App'x 764, 767 (11th Cir. 2008) (per curiam). Defendants, however, "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner*, 541 F.3d at 1082.

Defendants in the instant case contend that Plaintiff failed to exhaust the Pulaski State Prison's grievance procedure with respect to her claims. In support of this contention, Defendants provided the affidavit of Angela Grant, the Deputy Warden of Care and Treatment for Pulaski State Prison. (Grant Aff., Feb. 7, 2012; ECF No. 17-2.)

5

Deputy Warden Grant affirms that all inmates are notified of the grievance procedure upon entry to Pulaski State Prison by being provided a copy of the Orientation Handbook for Offenders and through verbal instructions.  (*Id.* at ¶ 9.)   In her affidavit, Deputy Warden Grant states the grievance procedure and asserts she has reviewed the grievances filed by Plaintiff while she was incarcerated at the Pulaski State Prison.  (*Id.* at ¶ 27.)  It is obvious by the twenty-nine informal grievances filed by plaintiff during her incarceration at Pulaski State Prison; ten of which were rejected at the informal stage, thirteen of which were resolved at the informal stage, five proceeded to the formal stage and one was appealed- that she is well aware of the grievance procedure.  (*Id.*)

Relevant to the time frame in this case, Deputy Grant avers that according to an incident report filed on November 16, 2011, an inmate had been setting fire to paper in her cell and stomping it out.  (*Id.* at ¶26.)  Plaintiff filed an informal grievance regarding the fire on the same date wherein she stated that she had inhaled smoke from the fire and had never received any medical treatment to "make sure [her] health [was] fine."  The next day, on November 17, 2011, Plaintiff filed this action.  Thus, as defendants noted, pursuant to the grievance procedure it would have been impossible for Plaintiff to have exhausted the grievance in that time.

The pleadings reveal in this case that Plaintiff's case must be dismissed as unexhausted.  Even had Plaintiff pursued the grievance process through to the end, her claim would still fail.  The grievance she filed did not address the claims made in her complaint.  The informal grievance, as Defendants note in their motion to dismiss, failed

to mention any failure of Defendants to "check on [Plaintiff]", to evacuate the building, to open her fly trap, to respond to her pleas for assistance, or to have fire equipment available. (*Id.* at ¶28.)   Furthermore, the record reveals that Plaintiff's grievance was resolved when she met with Deputy Warden Green on November 28, 2011, and agreed to resolve it at the informal stage. (*Id.* at ¶¶29-31.)  As such, Defendants' motion to dismiss should be granted.

Because Plaintiff's case fails as to this threshold issue, there is no need to analyze the merits of her claims for nominal damages.  Furthermore, it is recommended that all pending motions be denied as moot.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss be GRANTED for Plaintiff's failure to exhaust the grievance procedure. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO Recommended, this 12th day of April, 2012.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE

8